1

**FREDENBERG BEAMS**
Daniel E. Fredenberg – 020158

2

Christian C. M. Beams – 019672
Catherine S. Adams – 023463

3

4747 N. 7th Street, Suite 402
Phoenix, Arizona  85014

4

Telephone:  602/595-9299
Email: dfredenberg@fblegalgroup.com

5

Email: cbeams@fblegalgroup.com
Email: cadams@fblegalgroup.com

6

Attorneys for Plaintiff Kahala Franchising, LLC

7

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE DISTRICT OF ARIZONA

10

Kahala Franchising, LLC, an Arizona
limited liability company,

11

12

Plaintiff,

13

v.

14

15

D & B Mitchell Group, LLC, a Texas
limited liability company; DOES 1-10

16

17

Defendant.

Case No.

**COMPLAINT**

18

Plaintiff Kahala Franchising, LLC ("Kahala" or "Plaintiff") for its Complaint against

19

Defendant D & B Mitchell Group, LLC ("DB" or "Defendant") alleges as follows:

20

**PARTIES, JURISDICTION AND VENUE**

21

1.      Kahala is an Arizona limited liability company.

22

2.      DB is a Texas limited liability company doing business at 3400 East Sky

23

Harbor Boulevard, Phoenix, Arizona 85034, Phoenix Sky Harbor International  Airport,

24

Terminal 4 ("Sky Harbor").

25

3.      This Court has subject matter jurisdiction over the federal trademark, false

26

advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§

27

1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related

28

Arizona state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

4.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) as the events giving rise to the allegations of the Complaint occurred within this judicial district.

5.     Kahala is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-10. On information and belief, Does 1-10 are unlawfully and unfairly using, without authorization, Kahala's America's Taco Shop® trademark, trade dress on packaging and promotional materials and confusingly similar variations thereof, Plaintiff will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

## GENERAL ALLEGATIONS

6.     On January 24, 2012, the United States Patent & Trademark Office ("PTO") issued to Kahala U.S. Trademark. Reg. No. 4,092,522 for the mark AMERICA'S TACO SHOP® in connection with "restaurant services." A true and correct copy of this registration is attached as Exhibit A.

7.     In October 2014, DB began operations at Sky Harbor continues to operate through the present.

8.     Kahala provided initial support for the opening of the Sky Harbor location based on the material representation from DB, its affiliates and/or other business partners that a license or franchise agreement was forthcoming.

9.     In spite of Kahala's repeated demands that DB enter into a license or franchise agreement as required for the use of the AMERICA'S TACO SHOP® intellectual property, DB refused to execute any such agreements, thereby continuing in its willful infringement and continuing to avoid paying the required royalties and marketing fees that are due and owed to Kahala since October 2014.

10.     In addition to the continuing willful infringement of the AMERICA'S TACO SHOP® mark, DB continues to operate at Sky Harbor thereby misleading and confusing customers as to the origin of the food, beverage products and services provided, thereby further infringing upon Kahala's intellectual property associated with the . AMERICA'S TACO SHOP® mark, including trade dress of packaging and promotional materials and copyrighted images.  Such infringement has and continues to cause substantial reputational

damage to Kahala given the high volume of customers from diverse geographic origin whom are misled by the infringement.

11.    Kahala invested substantial marketing capital and achieved considerable and valuable fame and goodwill through the marketing and sale of products and services in connection with the AMERICA'S TACO SHOP® trademark.

12.    Upon information and belief, DB continues to utilize confidential and protected information during its infringing use and operation of AMERICA'S TACO SHOP® including, but not limited to vendor and customer lists, sensitive marketing information, unpatented inventions, software, formulas and recipes, techniques, processes, and other business information that provides the franchisees or licensees of AMERICA'S TACO SHOP® with a business advantage.

13.    Upon further information and belief, DB continues to utilize Kahala's copyrighted works, including, but not limited to, literary, pictorial and graphic materials utilized in menus and marketing materials.

## COUNT I

### (Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) against all Defendants)

14.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 13 of this Complaint.

15.    The actions of DB described above and specifically, without limitation, its unauthorized use of the AMERICA'S TACO SHOP® trademark, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell food and beverages constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

16.    The actions of DB, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the AMERICA'S TACO SHOP® mark, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

17.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by DB on sales of food and beverage, and the

costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of DB were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

**(Federal Trademark Dilution under 15 U.S.C. §1125(c) against all Defendants)**

18.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 – 17 of this Complaint.

19.    The actions of DB described above and specifically, without limitation, its unauthorized use of the famous AMERICA'S TACO SHOP® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell food and beverage, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

20.    The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the AMERICA'S TACO SHOP® mark, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. 1125(c).

21.    On information and belief, the actions of DB described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by DB on sales of food and beverage, and the costs of this action pursuant to 15 U.S.C. § 1117.

## COUNT III

**(Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a) against all Defendants)**

22.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 21 of this Complaint.

23.    Defendants' actions described above and specifically, without limitation, Defendants' use of the AMERICA'S TACO SHOP® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell food and beverage constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

24.     Consumers are likely to be misled and deceived by Defendants' unauthorized use of the famous AMERICA'S TACO SHOP® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell food and beverages.

25.     DB knew or should have known that their statements were false or likely to mislead.

26.     As an actual and proximate result of DB's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless DB is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

27.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on sales of food and beverages, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT IV

### (Copyright Infringement)

28.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 27 of this Complaint.

29.     Pursuant to 17 U.S.C. §102, Plaintiff is the owner of copyrighted works in the form of images and written promotional material related to AMERICA'S TACO SHOP®

30.     Defendant's actions described above constitute infringement under 17 U.S.C. §501(a).

31.     As an actual and proximate result of DB's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless DB is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.  Plaintiff is therefore entitled to injunctive relief under 17 U.S.C. §502.

32.     Pursuant to 17 U.S.C. §§502 and 505, Plaintiff is entitled to damages in an amount to be determined at trial, including lost profits, disgorgement of profits, costs and attorneys' fees.

## COUNT V

### (Violation of Arizona Uniform Trade Secrets Act)

33.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 32 of this Complaint.

34.     Arizona has adopted the Uniform Trade Secrets Act at A.R.S. §44-401, et seq ("UTSA").

35.     Under the UTSA, "Trade Secret" is defined as:

[I]nformation, including a formula, pattern, compilation, program, device, method, technique or process, that both:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

36.     Specifically, such trade secrets include, but are not limited to the following:

a)     The AMERICA'S TACO SHOP® Operations Manual and any amendments thereto;
b)     Ingredients, recipes, and methods of preparation of food products;
c)     Methods of operation of America's Taco Shop restaurants;
d)     Information about products, services, or procedures before they become public knowledge;
e)     Product pricing and consumer data trends.  (collectively "Kahala's Trade Secrets")

37.     Under the UTSA, "Misappropriation" of a trade secret is defined as either:

(a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means, or

(b) Disclosure or use of a trade secret of another without express or implied consent by a person who either:

(i) Used improper means to acquire knowledge of the trade secret.

6

(ii) At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

38.     Under A.R.S. §44-402, Kahala is entitled to an injunction against Defendants, which prohibits the following:

      a)    current and future misappropriation of Kahala's Trade Secrets;
      b)    advertising or soliciting sale of food and beverage products of AMERICA'S TACO SHOP®;
      c)    sale of food and beverage products of AMERICA'S TACO SHOP®

39.     As a result of the above alleged actions, Kahala has been damaged.

40.     Under A.R.S. § 44-403, Kahala is entitled to recovery of damages in the form of actual losses and unjust enrichment to Defendant.

41.     Under A.R.S. §44-403(B), Kahala is entitled to recovery of exemplary damages based upon Defendant's willful and malicious conduct.

42.     Under A.R.S. §44-404, Kahala is entitled to recovery of its attorneys' fees based upon Defendant's willful and malicious conduct.

## COUNT VI

### (Misappropriation of Confidential and Proprietary Information)

43.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 42 of this Complaint.

44.     Kahala has developed substantial confidential and proprietary information through the operation of its franchise system with existing franchisees of the AMERICA'S TACO SHOP® brand in the form of including, but not limited to vendor and customer lists, sensitive marketing information, unpatented inventions, software, formulas and recipes, techniques, processes, and other business information that provides the franchisees or licensees of AMERICA'S TACO SHOP® with a business advantage.

45.     Through its unauthorized and continuing operations, DB has intentionally misappropriated such confidential and proprietary information for its pecuniary benefit.

46.     As a proximate result of such misappropriation, Kahala has been damaged in the form of lost royalties and profits, dilution and consequential and direct damages, all in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for the following relief:

1.     For an award of damages in an amount to be proven at trial pursuant to 15 U.S.C. §1117;

2.     For injunctive relief pursuant to 15 U.S.C. §1116 and 1125(c);

3.     For an accounting of profits pursuant to 15 U.S.C. §1117;

4.     For an award of damages pursuant to 17 U.S.C. 504;

5.     For an award of costs and attorneys' fees pursuant to 17 U.S.C. 505;

6.     For injunctive relief pursuant to 17 U.S.C. 502;

7.     For an award of damages under A.R.S. § 44-403 and exemplary damages under A.R.S. §44-403(B);

8.     For an award of damages for misappropriation of confidential and proprietary information in an amount to be proven at trial;

9.     For an award of attorneys' fees under A.R.S. §44-404;

10.    For other relief provided by Order of Court.

RESPECTFULLY SUBMITTED this 10th day of July, 2017.

**FREDENBERG BEAMS**

By:     /s/   Danel E. Fredenberg
        Daniel E. Fredenberg
        Christian C. M. Beams
        Catherine S. Adams
        Attorneys for Plaintiff Kahala Franchising, LLC

8